### COCHRAN v. WILSON et al.

(Circuit Court, W. D. Pennsylvania. November 27, 1889.)

PATENTS FOR INVENTIONS—ANTICIPATION—SUCKER-RODS FOR WELLS.

Letters patent No. 324,922, dated August 25, 1885, issued to John M. Davidson for an improvement in sucker-rods for deep wells, describe the invention as being a section for deep-well sucker-rods, consisting of a spirally twisted metal rod, having at one end a threaded pin and at the opposite end a threaded box, both integral with the rod; the twist of the rod being in reverse direction from the thread of its connection. Held, that the device is not anticipated by metal lightning rods of the same form; its use being in no wise similar to that for which the latter are adapted.

In Equity. Bill for infringement of patent.
James C. Boyce and D. F. Patterson, for complainant.
W. Bakewell & Sons, for respondents.

McKENNAN, J. This bill is founded upon letters patent No. 324,922, dated August 25, 1885, issued to John M. Davidson, for an improvement in sucker-rods for deep wells. On the 6th day of October, 1885, the patent was duly assigned to the complainant. The patent contains two claims, both of which are alleged and shown to have been infringed. The invention, as described and claimed, consists of a section or length for deep-well sucker-rods, consisting of a spirally twisted metal rod,

having at one end a threaded pin and the opposite end a threaded box; said pin and box integral with the rod, and the twist of the rod being in reverse direction from the thread of its connection. The essential features of the invention are: (1) A spirally twisted metal rod; (2) a threaded pin and box at opposite ends of the rod; (3) that the pin and box and rod shall be of one piece of metal; (4) that the twist of the rod shall be in a reverse direction from the thread of the pin and box. All these features are embodied in the sucker-rod made and sold by the respondents; and hence they are infringers, if the patent is valid. The only ground urged in the argument which is deserving of notice is that the patented device was anticipated by metal lightning-rods, which were made and in common use years before the date of the patent; and that, therefore, the application of the device described in the patent to the use therein stated is only a double use of an old and well-known device.

Formally the two devices are alike; but in the lightning-rod the threaded pin and box at each end of the sections, by which they are made extensible, are not integral with the rod, and it does not appear that the twist in the lightning-rods is in a reverse direction from the threads in their connection. These are notable differences in their construction; but in the uses to which they are applicable, and for which they are specially adapted, they are entirely dissimilar,—in no wise cognate to or suggestive of each other. The use, then, to which the patented sucker-rod is adapted, and for which it was intended, is so different from that to which a lightning-rod is applicable, that it would seem to indicate a new use for the former, and not a cognate or double use of a known device. And if the changes made in the patented sucker-rod, to fit it for its new purpose, involved careful experiments, it would seem to be entitled to patentable merit. This is the import of numerous cases, both English and American. Thus in *Harwood* v. *Railway Co.*, 2 Best & S. 208, Chief Justice COCKBURN thus states the law:

"Although the authorities establish the proposition that the same means, apparatus, or mechanical contrivance cannot be applied to the same purpose, or to purposes so nearly cognate and similar as that the application of it in the one case naturally leads to application of it when required in some other, still, the question in every case is one of degree,—whether the amount of affinity or similarity which exists between the two purposes is such that they are substantially the same,—and that determines whether the invention is sufficiently meritorious to be deserving of a patent."

And in the same case, in the house of lords, (11 H. L. Cas. 666,) Mr. Justice BLACKBURN said:

"In every case arises a question of fact, whether the contrivance before in use was so similar to that which the patentee claims that there is no invention in the differences, if any, between the old contrivance and that for which the patentee claims a monopoly; and, if there is none, there arises a further question of fact, namely, whether the purpose to which the contrivance was before applied, and the new purpose, are so analogous or cognate that there is no discovery or invention in the new application; whether, in short, it is a mere application or not. For, if there is invention or discovery producing

a practical benefit, as in the case of *Crane* v. *Price*, 1 Webst. Pat. Cas. 377, it is the valid subject of a patent."

Many other English cases are in entire accord with this; so, also, are a majority of the American cases.

In *Collar Co.* v. *White*, 7 O. G. 698, in which the patent in question contained a claim for "a shirt collar, composed of paper and muslin, or its equivalent, so united that the muslin will counteract the fragile character of the paper," and it was shown that paper and muslin had been before united in a fabric for maps, etc., it was held by the court that this use was not analogous to that to which the patentee had adapted them, and that therefore the patent was valid. The weight of American authority is in line with this view of the law. It is not necessary to refer to the cases in detail. Most of them will be found in Merwin on the Patentability of Inventions.

It is obvious that the use of sucker-rods for deep wells is not analogous to that for which metal lightning-rods are used, or to which they are in any way adapted, and hence that the latter do not anticipate the former as a patentable subject. The patent in suit must therefore be sustained; and a decree will be entered for an injunction and an account, with costs.